IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| CARDINAL MANAO SENDATSU, also known as CMS, INC.; RONALD S. CARLSON, <br><br> Petitioners, <br><br> vs. <br><br> UNITED STATES; UNITED STATES INTERNAL REVENUE SERVICE; COLIN KELLY; AMERICAN SAVINGS BANK, <br><br> Respondents. | CIVIL NO. 11-00610 LEK-KSC <br><br> FINDINGS AND RECOMMENDATION TO DISMISS PETITION TO QUASH SUMMONS |

## FINDINGS AND RECOMMENDATION TO DISMISS PETITION TO QUASH SUMMONS

Before the Court is Petitioners Cardinal Manoa[1] Sendatsu ("CMS") and Ronald Carlson's ("Dr. Carlson") (collectively "Petitioners") Petition to Quash Summons ("Petition"), filed October 12, 2011. The United States filed a Response on January 19, 2012. On February 3, 2012, Petitioners filed their Reply. The United States filed a Supplement to Declaration of

---

[1] Cardinal Manoa Sendatsu is incorrectly identified as Cardinal Manao Sendatsu in the Petition and Reply. However, documents attached to the parties' submissions indicate that the correct name is Cardinal Manoa Sendatsu. Pet., Exs. 1 & 2.

Revenue Officer Colin Kelly and a Second Declaration of Revenue Officer Colin Kelly on February 3, 2012, and February 7, 2012, respectively.

This matter came on for hearing on February 9, 2012. Myles Breiner, Esq., appeared on behalf of Petitioners and Trial Attorney Jeremy Hendon appeared on behalf of the United States. After careful consideration of the parties' submissions, the arguments presented at the hearing, and the applicable law, the Court HEREBY FINDS AND RECOMMENDS that the Petition be DISMISSED for the reasons set forth below.

## BACKGROUND

The Internal Revenue Service ("IRS"), through Revenue Officer Colin Kelly, is conducting an investigation to aid in the collection of Dr. Carlson's outstanding federal income tax liabilities for the tax years ending December 31, 1984, December 31, 1985, December 31, 1986, December 31, 1987, and December 31, 1988. United States' Response to Pet., Decl. of Revenue Officer Colin Kelly ("Kelly Decl.") at ¶ 3. Dr. Carlson was previously convicted of federal tax

crimes in 1999.  Id. at ¶ 6.  He was required to file past-due tax returns (including the 1984-88 tax years) and make payments of all delinquent tax liabilities as part of his release and probation.  Id.  On June 23, 2003, the IRS made assessments for the foregoing liabilities and the unpaid balance of the assessments is $622,040.70.  Id. at ¶¶ 3, 6.  The sole purpose of Revenue Officer Kelly's investigation is to locate assets to satisfy Dr. Carlson's outstanding federal tax liabilities.  Id. at ¶ 3.  Revenue Officer Kelly is not seeking to determine the federal tax liabilities of either Dr. Carlson or CMS.  Id.

On September 14, 2011, Revenue Officer Kelly issued a summons to American Savings Bank ("ASB") pursuant to 26 U.S.C. § 7602, directing that ASB produce all records relating to Petitioners for the period January 1, 2010 through September 30, 2011.  Id. at ¶ 4.  Revenue Officer Kelly served the summons by certified mail on September 15, 2011.  Id. at ¶ 5.

On October 12, 2011, Petitioners filed the instant Petition pursuant to 26 U.S.C. § 7609.

DISCUSSION

Petitioners seek to quash the summons on the following grounds: 1) the IRS failed to serve them; 2) the summons is inconsistent, vague, and ambiguous; 3) the summons is criminal in nature;[2] 4) the summons is untruthful and misleading and denies ASB and Petitioners' due process rights; 5) the summons is not attested and/or not properly attested; 6) the summons violates Petitioners' privacy and constitutional rights; and 7) the summons was not issued in good faith. The United States asks the Court to dismiss the Petition for lack of subject matter jurisdiction or alternatively, to enforce the summons.

A. The IRS and Revenue Officer Kelly are not Proper Parties

The United States first argues that Petitioners

---

[2] Petitioners speculate that the IRS is attempting to use the civil process in the aid of a criminal investigation, but they have not submitted any evidence to substantiate their conjecture. Revenue Officer Kelly represents that there is no Justice Department referral for the periods covered by the summons. Kelly Decl. at ¶ 10. If a Justice Department referral was in effect, the IRS would lack the authority to issue a summons. 26 U.S.C. § 7602(d).

have improperly named the IRS and Revenue Officer Kelly as Respondents. The Court agrees. A suit against a federal officer in his official capacity is barred by the doctrine of sovereign immunity. <u>Oliva v. United States</u>, 221 F.R.D. 540, 543 (D. Haw. 2003) (citing <u>Gilbert v. DaGrossa</u>, 756 F.2d 1455, 1458 (9th Cir. 1985)). Thus, Revenue Officer Kelly is not a proper party. Neither is the IRS because Congress has not authorized suit against it. <u>Id.</u> at 543-44 (citing <u>Castleberry v. Alcohol, Tobacco and Firearms Div.</u>, 530 F.2d 672, 673 n.3 (5th Cir. 1976)). For these reasons, the Court recommends that the IRS and Revenue Officer Kelly be dismissed.

B. <u>The Court Lacks Jurisdiction Over the Petition</u>

The United States next argues that the Petition should be dismissed for lack of subject matter jurisdiction. The doctrine of sovereign immunity bars suits against the United States unless the United States has consented to suit. <u>United States v. Sherwood</u>, 312 U.S. 584, 586 (1941). It is well settled

that the United States, as a sovereign, is immune from suit unless it has expressly waived such immunity and consented to being sued. Gilbert, 756 F.2d at 1458; Valdez v. United States, 56 F.3d 1177, 1179 (9th Cir. 1995). "Jurisdiction over any suit against the Government requires a clear statement from the United States waiving sovereign immunity, together with a claim falling within the terms of the waiver." Mollison v. United States, 568 F.3d 1073, 1075 (9th Cir. 2009) (quoting United States v. White Mountain Apache Tribe, 537 U.S. 465, 472 (2003)) (quotations omitted). The petitioner bears the burden of demonstrating that the United States has waived its sovereign immunity. Baker v. United States, 817 F.2d 560, 562 (9th Cir. 1987); Holloman v. Watt, 708 F.2d 1399, 1401 (9th Cir. 1983). When the United States has not consented to suit, dismissal is required. Gilbert, 756 F.2d at 1458 (citing Hutchison v. United States, 677 F.2d 1322, 1327 (9th Cir. 1982)).

The exclusive statute providing courts with jurisdiction to quash an IRS summons is 26 U.S.C. § 7609(b). "Section 7609(b)(2) constitutes the government's consent to waive sovereign immunity and subject itself to a legal challenge in court." Mollison, 568 F.3d at 1075. Section 7609(b)(2)(A) confers standing only upon those persons entitled to notice of the summons pursuant to § 7609. 26 U.S.C. §7609 ("Notwithstanding any other law or rule of law, any person who is entitled to notice of a summons under subsection (a) shall have the right to begin a proceeding to quash such summons. . . ."); Viewtech, Inc. v. United States, 653 F.3d 1102, 1104 (9th Cir. 2011) (only persons entitled to notice under § 7609 may bring a proceeding to quash a summons). The IRS is not required to give notice when a summons is "issued in aid of the collection of . . . an assessment made or judgment rendered against the person with respect to whose liability the summons is issued." 26 U.S.C. § 7609(c)(2)(D)(i).

1. Dr. Carlson

The United States has demonstrated that the summons was issued to ASB, a third party, in aid of collection of an assessment made against Dr. Carlson. As the assessed taxpayer, Dr. Carlson is disqualified from notice under § 7609(c)(2)(D)(i). Viewtech, 653 F.3d at 1106; Oliva, 221 F.R.D. at 544 (quoting Barmes v. United States, 199 F.3d 386, 390 (7th Cir. 1999)) (per curiam) (quotations omitted) ("[A]s long as the third-party summons is issued to aid in the collection of any assessed tax liability the notice exception applies."). Dr. Carlson consequently lacks standing to quash the summons.

2. CMS

The United States submits that due to CMS's relationship with Dr. Carlson, it too is excepted from receiving notice. To support its position, the United States asserts that 1) CMS has a significant relationship with Dr. Carlson; 2) Dr. Carlson has an interest in CMS's bank account; 3) CMS is the nominee,

alter ego, or transferee of Dr. Carlson; and 4) the summons was issued to gather information and documents regarding Dr. Carlson's possible use of bank accounts held in other individuals' or companies' names to shield those assets from the reach of the IRS and that said information and documents may assist the IRS in locating assets or funds held by CMS or others as the nominee/alter ego and/or transferee of Dr. Carlson.  In determining whether CMS was entitled to notice, the Court must consider whether CMS could be deemed a fiduciary or transferee of Dr. Carlson or whether Dr. Carlson had/has a sufficient legal interest in CMS's bank account, which is the object of the summons.

Third parties, i.e. individuals or businesses other than the assessed taxpayer, are often summoned by the IRS in its effort to collect on a tax assessment based on a suspicion that the taxpayer may be attempting to conceal assets in the accounts, holdings, or property of the third party. Viewtech, 653 F.3d at 1104 (citing IP v. United States, 205 F.3d 1168, 1170-

71 (9th Cir. 2000)). Generally, § 7609 provides "that if the IRS asked the person summoned (here, the third party's bank) for specified information relating to a person identified in the summons (in this example, the third party account owner), the IRS must give that third person notice of the summons." Id. However, the Ninth Circuit has held that a third party need not receive notice that the IRS has summoned the third party's records if the third party is the assessed taxpayer, or a fiduciary or transferee of the taxpayer, or the assessed taxpayer has "some legal interest or title in the object of the summons." Id. at 1105 (citation and quotations omitted).

The foregoing test is applied non-technically. Id. To determine whether a third party could be deemed a fiduciary or transferee of the taxpayer, the Court may consider "whether a taxpayer had transferred funds into the third party's account." Id. at 1105-06. In assessing whether a taxpayer has a sufficient legal interest in the object of the summons, the Court may

consider whether the taxpayer and third party have an employment, agency, or ownership relationship. Id. at 1106.

Here, Revenue Officer Kelly offers the following in support of the United States' contention that CMS has a significant relationship with Dr. Carlson; Dr. Carlson has an interest in CMS's bank account; and CMS is the nominee, alter ego, or transferee of Dr. Carlson:

> 1) While Dr. Carlson claims that he performed his dental services as an employee of CMS, his patients made check or money order payments payable to him. Patients were sometimes instructed to make checks payable to CMS or leave the checks blank. Blank checks were rubber stamped with CMS.
>
> 2) Virtually all of Dr. Carlson's income from his dental practice was deposited into the CMS bank account.
>
> 3) Checks issued from the CMS bank account were made by Dr. Carlson or his staff using a stamp in the name of Paul Kenyon.
>
> 4) Payments for the dental practice space lease were paid from the CMS bank account. Prior to 2005, the aforesaid lease was in Dr. Carlson's father's name. Following Dr. Carlson's father's passing in 2005,

11

> Syntro, a Nevada corporation, was substituted on the lease. Syntro is purportedly owned by Ron Kirzinger, but Mr. Kirzinger is in the business of incorporating businesses in Nevada and assisting taxpayers in the use of nominees to protect their assets.
>
> 5) Dr. Carlson deposited remaining funds from the CMS bank account into a Syntro bank account in Nevada.
>
> 6) Dr. Carlson's rent on his personal residence (made to his landlord Y.P. Kang) is paid from the Syntro bank account. Personal expenditures such as electric bill, grocery, restaurant and dry cleaning are also paid from the Syntro bank account.
>
> 7) Syntro's checks were signed by Dr. Carlson and/or his staff in the name of Ron Kirzinger.

Kelly Decl. at ¶ 6; Second Decl. of Revenue Officer Colin Kelly ("Second Kelly Decl."). The United States has submitted bank statements, deposit tickets, and checks to demonstrate the linkage and relationship between Dr. Carlson, CMS and Syntro. Kelly Decl. at ¶ 7, Exs. C-F; Second Kelly Decl. at ¶¶ 5-9, Exs. 1-4.

Petitioners assert that the United States has failed to demonstrate that Dr. Carlson had a legal

interest in the object of the summons or that CMS is a fiduciary or transferee of Dr. Carlson. In addition to raising evidentiary objections to Revenue Officer Kelly's Declaration, Petitioners contend that Revenue Officer Kelly has failed to provide evidence to support the statements contained in paragraph 6 of his Declaration.

Based on the evidence presented, the Court is persuaded that Dr. Carlson has a sufficient legal interest in the CMS bank account and/or that CMS was or is a fiduciary or transferee of Dr. Carlson. Significantly, although Petitioners bear the burden of establishing standing, Cranford v. United States, 359 F. Supp. 2d 981, 988 (E.D. Cal. 2005) (citing Northwest Envtl. Defense Ctr. v. Bonneville Power Admin., 117 F.3d 1520, 1528 (9th Cir. 1997); Snake River Farmers' Ass'n, Inc. v. Dep't of Labor, 9 F.3d 792, 795 (9th Cir. 1993)), they have not proffered evidence to refute the United States' arguments. They simply contend that the United States has not provided evidence to support

the allegations in Revenue Officer Kelly's Declaration.

Dr. Carlson, who claims to merely be an employee of CMS, is the only dentist practicing at his Honolulu office location.  The existence of an employment relationship is among the factors the Court may consider in determining whether Dr. Carlson has a sufficient legal interest in the CMS bank account. Viewtech, 653 F.3d at 1106.  Petitioners erroneously argue that the Ninth Circuit more or less ignores employment status and requires the United States to prove that Dr. Carlson is an officer and shareholder of CMS.  The Ninth Circuit created no such requirement in Viewtech v. United States.  The Viewtech court plainly held that the close legal relationship created by the taxpayer's ownership interest in Viewtech, coupled with his status as an employee and officer of Viewtech was sufficient to give the taxpayer the requisite interest in the Viewtech bank account, thereby disqualifying Viewtech from receiving notice of the summons.  Id. Although the record does not indicate that Dr. Carlson

14

is an owner, officer, or director of CMS, the United States has provided the Court with ample evidence, as explained in further detail below, of Dr. Carlson's legal interest in the CMS bank account. In any event, even if Dr. Carlson lacks any legal interest in the CMS bank account, the record before the Court indicates that CMS is a fiduciary or transferee of Dr. Carlson.

Payments from dental patients and income from the dental practice and other sources, whether directed to Dr. Carlson or CMS, were and/or are deposited into the CMS bank account. Second Kelly Decl. at ¶ 6, Ex. 2. Funds from the CMS bank account are used to pay for the dental practice space lease, and remaining funds are transferred to the Syntro bank account. Dr. Carlson's personal expenses are then paid from the Syntro bank account. These facts demonstrate that CMS is Dr. Carlson's fiduciary or transferee and that Dr. Carlson has the requisite interest in the CMS bank account to disqualify CMS from receiving notice under § 7609(c)(2)(D)(i)-(ii). Viewtech, 653 F.3d at 1106.

Given the relationship between Petitioners, providing them with notification could "impede the IRS's ability to collect taxes." Id. at 1105. For these reasons, the Court finds that CMS was not entitled to notice of the summons and it, like Dr. Carlson, lacks standing to petition the Court to quash the summons. Insofar as the Court lacks subject matter jurisdiction, the Petition should be dismissed.

Petitioners request that if the Court does not quash the summons, that Petitioners be allowed to conduct discovery. Petitioners additionally request that if the Court finds that they have no remedy under sections 7602 through 7609, that they be granted leave to amend the Petition to ask for an injunction to restrain the IRS from proceeding to enforce the summons. Finally, Plaintiffs ask that the Court hold an evidentiary hearing to establish that the issuance of the summons was improper. The Court recommends that these requests be denied. Because Petitioners lack standing with respect to the summons, thereby requiring

16

dismissal of the Petition, discovery and an evidentiary hearing are unnecessary and inappropriate.  Moreover, where, as here, the Court lacks subject matter jurisdiction, the proposed amendment would be futile.

CONCLUSION

In accordance with the foregoing, the Court HEREBY FINDS AND RECOMMENDS that the Petition to Quash Summons, filed October 12, 2011, be DISMISSED.

IT IS SO FOUND AND RECOMMENDED.

DATED:  Honolulu, Hawaii, February 9, 2012.



_____
Kevin S.C. Chang
United States Magistrate Judge

CV 11-00610 LEK-KSC; Cardinal Manao Sendatsu, et al. v. United States, et al.; FINDINGS AND RECOMMENDATION TO DISMISS PETITION TO QUASH SUMMONS